UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RAMON ALVAREZ-RODRIGUEZ,<br>Defendant. | Crim. Case No. 3:90-cr-01320-BTM<br>Civ. Case No. 3:19-cv-02314-BTM<br><br>**ORDER CONSTRUING MOTION AS MOTION TO VACATE CONVICTION UNDER 28 U.S.C. § 2255 AND DISMISSING SUCCESSIVE § 2255 MOTION FOR LACK OF JURISDICTION**<br><br>**[Crim. Case, ECF Nos. 289, 291]** |

Before the Court are Defendant Ramon Alvarez-Rodriguez's recent filings which seek to collaterally-attack his federal conviction for which he is currently incarcerated. (Crim. Case, ECF Nos. 289, 291.) Because the instant motions challenge the validity of his underlying conviction, the Court has construed the motions as motions to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the [Antiterrorism and Effective Death Penalty Act of 1996's] rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, is a motion under § 2255, no matter what title the prisoner plasters on the cover."); *see also* 28 U.S.C.

1

Crim. Case No. 3:90-cr-01320-BTM
Civ. Case No. 3:19-cv-02314-BTM

§ 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Although Defendant has become increasingly inventive in his captioning, the instant motions are his sixth attempt to collaterally attack his underlying federal conviction via § 2255. (*See* Crim. Case, ECF Nos. 182, 211, 221, 222, 230, 231, 248, 250, 269, 270.) Because Defendant has not obtained permission from the United States Court of Appeals for the Ninth Circuit prior to filing his instant § 2255 motions, however, the Court is without jurisdiction to consider them or grant him the relief requested therein. See *United States v. Washington*, 653 F.3d 1057, 1065 (9th Cir. 2011) ("[A] second or successive § 2255 petition may not be considered by the district court unless petitioner obtains a certificate authorizing the district court to do so." (internal quotations and citations omitted)). Accordingly, the motions (Crim. Case, ECF Nos. 289, 291) are **DISMISSED** for lack of jurisdiction.

**IT IS SO ORDERED.**

Date: December 9, 2019

_____
Honorable Barry Ted Moskowitz
United States District Judge

2

Crim. Case No. 3:90-cr-01320-BTM
Civ. Case No. 3:19-cv-02314-BTM